**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHALID ISSA MANSOUR, | No. 13-74136 |
| Petitioner, | |
| v. | Agency No. A071-781-760 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Khalid Issa Mansour, a native of Kuwait and citizen of Jordan, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reconsider the

denial of his motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Mansour's motion for reconsideration, where the motion failed to establish any error in the IJ's previous order denying Mansour's earlier motion to reopen. *See* 8 C.F.R. § 1003.23(b)(2) ("A motion to reconsider shall . . . specify[] the errors of fact or law in the Immigration Judge's prior decision and shall be supported by pertinent authority."). Specifically, Mansour failed to establish that the IJ erred in denying his motion to reopen as untimely, where Mansour filed the motion more than eight years after his final order of removal, 8 C.F.R. § 1003.23(b)(1), and failed to establish that he was entitled to equitable tolling of the filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (due diligence requires petitioner to take reasonable steps to investigate any suspected fraud or error or, if he is ignorant of such circumstances, make reasonable efforts to pursue relief).

We lack jurisdiction to review Mansour's claims that the IJ in his underlying 2003 removal proceedings committed errors of law and violated due process because this petition is not timely as to that 2003 removal order. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (this court lacks jurisdiction to review an underlying order of removal, where alien did not seek timely review of that order, and instead files petition for review from the denial of a subsequent motion to reopen). Although the BIA addressed Mansour's substantive challenges to his 2003 proceedings in its decision, it did so only in the context of determining whether to exercise its discretion to invoke its sua sponte authority, and we lack jurisdiction to review the BIA's sua sponte determination. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (this court lacks jurisdiction to review challenges to the BIA's discretionary decision not to invoke its sua sponte authority). Accordingly, we do not address Mansour's contentions regarding a transcript of proceedings.

In light of this disposition, we do not reach Mansour's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**